UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISIAH SUTTLE,

          Plaintiff,

v.                                                              Case No. 25-cv-360-bbc

KEVIN KOELBL, et al.,

          Defendants.

## DECISION AND ORDER

On September 5, 2025, Defendants filed a motion for summary judgment based on Plaintiff Isiah Suttle's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 16. On September 8, 2025, the Court entered a Notice and Order reminding Suttle, who is representing himself, that under Civil Local Rule 56(b)(2) his response materials were due on October 6, 2025. Dkt. No. 20. The Court also warned Suttle that under Civ. L. R. 56(b)(9), failure to comply with the briefing requirements of Civ. L. R. 56 may result in sanctions up to and including the Court granting Defendants' motion. The deadline has passed, and Suttle did not oppose the motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants, and deemed true by the Court, Suttle did not file <u>any</u> inmate complaints in connection with the alleged failure to provide him with a proper diet at the Fond du Lac County Jail between October 20, 2024 and November 11, 2024. *See* Dkt. No. 17; *see also* Dkt. No. 19, ¶¶ 10, 12, 13. Suttle therefore did not exhaust his administrative remedies prior to bringing this conditions-of-confinement lawsuit under

§1983. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Accordingly, Defendants are entitled to summary judgment. Additionally, pursuant to Civ. L. R. 56(b)(9), the Court finds that Suttle's failure to respond to Defendants' motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance with the Court's order.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 16) is **GRANTED**; and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on October 21, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.